IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REEMCO IMPORT, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| ROBERT P. WEIMANN, Director | § | NO. 3-06-CV-1998-BD |
| Administrative Appeals Office, U.S. | § | |
| Citizenship and Immigration Services, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants have filed a motion to dismiss this civil action seeking judicial review of an agency decision denying plaintiff's application for an extension of his L-1A nonimmigrant visa. In support of their motion, defendants argue that the jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"), as amended by the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(B)(ii), preclude judicial review of discretionary agency decisions relating to immigration matters. Plaintiff counters that section 1252(a)(2)(B)(ii), by its terms, is limited to decisions or actions "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because the authority to grant extensions of L-1A nonimmigrant visa applications is governed by regulation rather than subchapter II of the INA,[1] plaintiff contends that this court has subject matter jurisdiction pursuant to the

---

[1] An L-1A visa provides temporary admission to the United States for:

> an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or

Administrative Procedures Act ("APA"), 5 U.S.C. § 702, in conjunction with the federal question statute, 28 U.S.C. § 1331. The issues have been fully briefed by the parties and this matter is ripe for determination.

A nearly identical jurisdictional issue was recently decided by another judge in this district in *Shah v. Chertoff*, No. 3-05-CV-1608-BH, 2006 WL 2859375 (N.D. Tex. Oct. 5, 2006). After conducting an extensive review and analysis of cases from districts throughout the United States, including Fifth Circuit authorities interpreting the jurisdiction-stripping provisions of the INA, *Shah* concluded that courts retain jurisdiction to review agency decisions "where discretion is authorized by regulation rather than the INA itself[.]" *Id.*, 2006 WL 2859375 at *3 (citing cases). This court agrees. For the reasons stated in *Shah*, defendants' motion to dismiss [Doc. #11] is denied. Defendants shall serve an answer within 10 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

DATED: March 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge.

8 U.S.C. § 1101(a)(15)(L). The admission of nonimmigrants, such as plaintiff, is governed by 8 U.S.C. § 1184, which is contained in subchapter II of the INA. However, the authority for extensions of nonimmigrant visas is found in regulations promulgated by the agency. *See* 8 C.F.R. § 214.1(c)(5) ("Where an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service.").